UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Angelia D. Bell,                      Case No. 3:22-cv-1876

    Plaintiff

    v.
                                    MEMORANDUM OPINION
                                    AND ORDER

Patrick Grzyboloski, et al.,

    Defendants

## INTRODUCTION

*Pro se* plaintiff Angelia Bell filed this action against defendants Patrick Grzybowski, Shedrick Williams, Gene Shurtz, Dan Cannode, Allison Digby, Veterans Service Commission, Christina Kodjiko, Danielle Pierce, VA Ann Arbor Healthcare System, and Toledo Community Based Outpatient Clinic, alleging that defendants have violated her constitutional rights by failing to provide her with the assistance and benefits she requires and to which she is entitled as a veteran. (Doc. 1.)[1] Plaintiff also has moved to proceed *in forma pauperis*; that motion is granted. (Doc. 2.) For the following reasons, I dismiss plaintiff's complaint.

## FACTUAL BACKGROUND

Plaintiff's sole allegation in her complaint is that she is a veteran and has sought help in obtaining housing, food, and rent – presumably from defendants – but "their social workers are civilians – who have told me I must find my own housing." (Doc. 1 at 2; Doc. 1-1.) She names as

---

[1] Although several of defendants' names are spelled differently in the case's caption, the spellings provided in this opinion were derived from defendants' official business records attached to the complaint and are presumably correct.

defendants the Veterans Service Commission (VSC) of Lucas County, Ohio; the commissioners of VSC in 2012, Patrick Grzybowski, Shedrick Williams, Gene Shurtz, Dan Cannode, and Attison Digby; the VA Ann Arbor Healthcare System and Toledo Community Based Outpatient Clinic, two health care facilities belonging to the Veterans Health Administration of the U.S. Department of Veterans Affairs' health care system; and a supervisor, Christina Kodjiku, and social worker, Danielle Pierce, of the U.S. Department of Housing and Urban Development—Veterans Affairs Supportive Housing (HUD-VASH) Program, which provides services through the Healthcare for Homeless Veterans Program (HCHV) at the Toledo and Ann Arbor VA health care facilities. (Doc. 1 at 1.)

Plaintiff attaches two letters to her complaint that provide a bit more information. One letter, dated March 12, 2012, is from the VSC commissioners to plaintiff, informing her that she was permanently banned from the VSC's office and was no longer eligible for assistance from VSC because of her repeated disruptive behavior during office visits. (Doc. 1-3.) The other letter, dated September 1, 2022, is from Ms. Kodjiku and Ms. Pierce to plaintiff, recounting the HCHV's extensive efforts to help her find housing despite her history of evictions and dissatisfaction with the properties she is offered, and notifying her that, because she was on a wait list for two suitable housing options, the HUD-VASH team would no longer be assisting her. (Doc. 1-4.) Ms. Kodjiku and Ms. Pierce also recommended several actions that plaintiff could take to secure future housing, make health care appointments, obtain assistance with moving and rent payments, and locate other senior-related resources. (*Id.*)

Plaintiff indicates on her civil cover sheet that she is asserting a claim under the Equal Protection Clause of the Fourteenth Amendment based on her status as a Black female and defendants' denial of her veteran's benefits. (Doc. 1-1.)

**STANDARD OF REVIEW**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

**ANALYSIS**

Even without addressing the other deficiencies of plaintiff's complaint, plaintiff does not state a plausible claim under the Equal Protection Clause – the sole claim in her complaint.

Although plaintiff does not reference it, she presumably seeks to bring her claim under 42 U.S.C. § 1983, as that is the statutory vehicle to redress alleged violations of constitutional rights. *Lomax v. Hennoy*, 151 F.3d 493, 500 (6th Cir. 1998). To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *E.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

The Equal Protection Clause prohibits discrimination by government actors that either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.  *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).  The threshold element of an equal protection claim is disparate treatment.  *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).  When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.  *Id.*

Here, plaintiff does not specify how she is being discriminated against.  As a Black female, plaintiff is unquestionably a member of a protected class.  *See, e.g, Harris v. City of Circleville*, 583 F.3d 356, 369 (6th Cir. 2009); *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007).  But she has not alleged any facts at all to show that any of the defendants provided more favorable treatment to others similarly situated than to her, either in the context of the VSC action against her or the HUD-VASH termination of services.  Accordingly, even construing plaintiff's complaint liberally, it fails to allege any violation of rights guaranteed by the United States Constitution or federal statute as required to obtain relief under § 1983.  *See* 28 U.S.C. § 1983.

## Conclusion

Having considered and examined the plaintiff's *pro se* complaint to determine its legal viability, I conclude that it must be dismissed for failure to state a claim.  I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge